UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
------------------------------------------------------------------------X
RUBEN V. FLORES, *et al.*,

        Plaintiffs,

                                                                 **Case No. 22-cv-01512 (JEB)**

-against-

ISLAMIC REPUBLIC OF IRAN, *et al.*,

        Defendants.
------------------------------------------------------------------------X

## NOTICE IN RESPONSE TO JULY 28, 2025, MINUTE ORDER

Pursuant to the Court's Minute Order dated July 28, 2025, Plaintiffs respectfully submit this Notice identifying attacks for which they seek compensation that are also the basis for compensation sought in Foreign Sovereign Immunities Act ("FSIA") suits by other plaintiffs in other cases. Plaintiffs have identified 86 overlapping attacks that are the subject of other FSIA suits, some of which, based on their procedural posture, may be related under Local Civil Rule 40.5(a)(3).[1]

### I.   PROCEDURAL BACKGROUND

This action was commenced pursuant to the Terrorism Exception to the FSIA, 28 U.S.C. § 1605A, by the filing of the Complaint on May 29, 2022, ECF No. 1, which was amended on November 21, 2022, ECF No. 9. Following entry of default against Defendants on July 26, 2024, ECF Nos. 22 and 23, Plaintiffs filed their initial Motion for Default Judgment as to Liability for 32 distinct attacks on October 11, 2024, ECF No. 26. Plaintiffs filed their second Motion for Default Judgment as to Liability for 38 distinct attacks on November 25, 2024, ECF No. 33.

---

[1] There are two overlapping attacks in this case with *Pautsch v. Islamic Republic of Iran*, No. 20-cv-3859 (JEB). This case was filed as a related case to *Pautsch*. *See* ECF No. 1-2.

On January 29, 2025, the Court ordered Plaintiffs to "file a brief … explaining why the terrorism exception to the FSIA should encompass servicemembers and why allowing servicemembers to bring these claims would not permit double recovery (with military benefits)." *See* Jan. 29, 2025 Minute Order. On February 26, 2025, Plaintiffs filed their Supplemental Memorandum of Law Pursuant to the Court's January 29, 2025 Order, ECF No. 40. Also on February 26, 2025, Plaintiffs filed their third Motion for Default Judgment as to Liability for 43 distinct attacks, ECF No. 41. On March 4, 2025, the Court adopted Plaintiffs' February 26, 2025 Status Report and directed Plaintiffs to file an additional Status Report within one week of the Court's ruling on the supplemental memorandum. *See* Mar. 4, 2025, Minute Order.

The Court has not yet ruled on whether it will permit these claims to proceed pursuant to 28 U.S.C. § 1605A; nevertheless, Plaintiffs are preparing their fourth Motion for Default Judgment as to Liability for an additional subset of attacks that they plan to file by September 30, 2025.

II.  **IDENTIFIED OVERLAPPING ATTACKS**

Plaintiffs complied with the Court's Minute Order by conducting what they believe to be a comprehensive PACER search for cases brought under the Terrorism Exception to the FSIA in this District filed after January 2017 (as cases filed before that date are likely closed by now), filtering by both "Filed Date" and "Cause of Action" fields using the designation "28:1605A Foreign Sovereign Immunities Act." Plaintiffs then systematically reviewed complaints from the resulting cases to extract specific attack details and dates, and isolated attacks with dates matching the attack dates in this case. Plaintiffs then compared the descriptions and locations of these matching-date attacks as detailed in the complaints and related case filings from the searched cases against their own documentation detailing the attacks in this case to determine whether they constituted the same underlying incidents. Through this cross-referencing analysis, Plaintiffs

hereby submit the following – a chart of attacks included in the *Flores* Amended Complaint that also appear to be included in other cases pending within this District – as **Exhibit 1**. This chart identifies the following: (1) the first column provides the relevant attack number, date of the attack, and location of the attack from the *Flores* Amended Complaint (including named Plaintiffs); (2) the second column provides the names of the other case(s) and case number(s); and (3) the third column provides an explanation per the Court's Order "why any overlap should not lead the Court to find the claims 'related' under LCvR 40.5(a)(3)."

In each case where an overlap of attacks exists as noted above, the plaintiffs in those cases did not name Syria as a defendant.[2] Therefore, to the extent that the issues are fully adjudicated in one of these other cases against Iran (which is generally the case with limited exceptions), the claims against Syria would remain pending before the Court here. Furthermore, there is nothing in the record to suggest that by adjudicating the attacks before it, this Court would undercut the determination of other judges within this District—especially where liability determinations as to only one of the Defendants in this case have been issued related to 14 of the 86 attacks listed in Exhibit 1.

Finally, of the 86 overlapping attacks listed in Exhibit 1, the *Flores* Plaintiffs have sought default judgment as to liability for 39 of these attacks that are currently pending before the Court. Thus, with the exception of the *Pautsch* case—which Plaintiffs here filed Notice of Related Case at the outset of this case—Plaintiffs assess that none of the other cases cited in Exhibit 1 provide a particularly efficient vehicle for designation as related cases because (a) they involve only one

---

[2] The exceptions are the *Messina*, *Hassler*, and *Fouty* cases that named Syria but did not name Iran as a defendant.

of the foreign-sovereign defendants named in this case, and (b) a number of the cases were filed *after* this case was filed. *See* LCvR 40.5(a)(3).

<table>
<tr><td>Dated: September 2, 2025</td><td>Respectfully submitted,<br><br>MOTLEY RICE LLC<br><br><u>/S/ John M. Eubanks</u><br>John M. Eubanks (DC Bar No. SC0013)<br>28 Bridgeside Blvd.<br>Mount Pleasant, SC 29464<br>Tel. (843) 216-9000<br><br>OSEN LLC<br>Gary M. Osen (DC Bar No. NJ009)<br>Aaron Schlanger (DC Bar No. NJ007)<br>190 Moore Street, Suite 272<br>Hackensack, NJ 07601<br>Tel. (201) 265-6400<br><br>TURNER & ASSOCIATES, P.A.<br>C. Tab Turner<br>4705 Somers Avenue, Suite 100<br>North Little Rock, AR 72116<br>Tel. (501) 791-2277<br><br>*Attorneys for Plaintiffs*</td></tr>
</table>