UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RUBEN V. FLORES, *et al.*, Plaintiffs, -against- ISLAMIC REPUBLIC OF IRAN, *et al.*, Defendants. | : | **Case No.: 22-cv-1512 (JEB)** |

**~~[PROPOSED]~~ ORDER**

This matter comes before the Court on Plaintiffs' Motion and Memorandum of Law in Support of Authorization and Coordination of Payment to Special Master Jack McKay, seeking compensation for the Special Master's administration of damages proceedings and preparation of proposed findings and recommendations for Plaintiffs' compensatory damages.

The terrorism exception to the Foreign Sovereign Immunities Act ("FSIA") authorizes courts to "appoint special masters to hear damage claims brought under this section," and provides that those special masters shall be paid "from funds available for the program under section 1404C of the Victims of Crime Act of 1984." 28 U.S.C. § 1605A(e)(1)-(2). This provision ensures that special masters who have worked on cases brought under § 1605A will be compensated for their assistance. *See In re Islamic Republic of Iran Terrorism Litig.*, 659 F. Supp. 2d 31, 61 (D.D.C. 2009). The FSIA directs that payment for special masters shall be transferred "to the Administrator of the United States district court" in which the particular case is pending. 28 U.S.C. § 1605A(e)(2).

This Court issued an Order on October 27, 2025, appointing Jack McKay as Special Master to take evidence and file Reports and Recommendations regarding the compensatory damages

claims of the Plaintiffs injured in the 115 attacks for which the Court found Iran and Syria liable in its September 24, 2025, Order. ECF No. 52. The Administrative Plan included with the Order provided that the Special Master shall be paid $1,300 per day for each day he works more than four hours and $650 for each day he works four hours or less, and authorized compensation for "reasonable business expenses." ECF No. 52-1 at 5. The Administrative Plan further directed Plaintiffs to file a motion seeking the Court's order that the Clerk coordinate payment with the Office for Victims of Crime, Office of Justice Programs, U.S. Department of Justice, and to append vouchers that "(1) identifies each date that work was performed; (2) describes with reasonable detail the type of work performed on each date (including which Plaintiffs' reports were worked on); (3) states the total hours worked on each date; (4) states whether the hours worked on each date constitute a full or half day of work; (5) lists the total amount due for that day (i.e., either the half-day or full-day rate); and (6) states the total amount claimed on the voucher." *Id.* This Order and Administrative Plan were extended to cover the 37 attacks for which Iran and Syria were found liable in the Court's January 27, 2026, Order. *See* Minute Order dated May 1, 2026.

The Special Master submitted his first Report and Recommendation Regarding Damages for 31 Plaintiffs Identified in the Court's September 24, 2025, Order on April 29, 2026. *See* ECF No. 58 (Under Seal). On June 1, 2026, the Special Master submitted a second Report and Recommendation Regarding Damages for 34 Immediate Family Member Plaintiffs Identified in the Court's Orders of September 24, 2025, and January 27, 2026. *See* ECF No. 74 (Under Seal). In accordance with this Court's October 27, 2025, Order and Administrative Plan, the Special Master provided Plaintiffs with two vouchers attesting to the time he expended reviewing documents and preparing the two Reports. Plaintiffs have filed their Motion attaching these vouchers seeking compensation for the Special Master in conformity with the Court's instructions.

Upon review, the Court determines that Special Master McKay is entitled to compensation for work done in this case pursuant to the Court's Order appointing him, and is satisfied that the value of such compensation should be $11,700.00.

Accordingly, it is hereby

**ORDERED** that the Plaintiffs' Motion is **GRANTED**. It is further

**ORDERED** that Special Master McKay shall be authorized payment of $11,700.00 in fees from funds available under 1404C of the Victims of Crime Act of 1984, 34 U.S.C. § 20106. It is further

**ORDERED** that the Clerk of the Court shall promptly provide to the U.S. Department of Justice Office for Victims of Crime ("OVC") one copy of:

1. This Order;

2. Plaintiffs' Motion and Memorandum of Law in Support of Authorization and Coordination of Payment to Special Master Jack McKay and the attached vouchers; and

3. The Order appointing Jack McKay as Special Master, ECF No. 52 and 52-1. It is further

**ORDERED** that the Clerk of the Court shall coordinate any required follow-up with the OVC and that, upon receipt of such funds, the Clerk shall promptly disburse them to Jack McKay at his provided address.

Dated: August 19, 2026

JAMES E. BOASBERG
UNITED STATES DISTRICT JUDGE